USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------
THE GREAT EASTERN SHIPPING CO.,
LTD.,

            Plaintiff,

   - against -

BINANI CEMENT LIMITED,

            Defendant.
--------------------------------

09 Civ. 6141 (JGK)

MEMORANDUM OPINION AND ORDER

JOHN G. KOELTL, District Judge:

    The defendant, Binani Cement Limited ("Binani"), moves for the Court to certify for interlocutory appeal the Court's September 17, 2009 Order denying Binani's motion to vacate a maritime Order of Attachment and Garnishment pursuant to 28 U.S.C. § 1292(b). The Order of Attachment and Garnishment was issued by this Court in favor of the plaintiff, the Great Eastern Shipping Co., Ltd. ("Great Eastern"). In the Court's Order denying Binani's motion to vacate pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, the Court found that Great Eastern had shown that it had a prima facie admiralty claim against the defendant and that this Court had maritime jurisdiction over the case.

    Pursuant to 28 U.S.C. § 1292(b), a district court should certify an order for interlocutory review if the order (1) "involves a controlling question of law," (2) there exists

"substantial ground for difference of opinion," and (3) an immediate appeal may advance the termination of the case.  Only "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

This is not an exceptional case, nor is there any substantial ground for difference of opinion.  This is a standard Rule B maritime attachment case.  In its Order denying vacatur, this Court found that Great Eastern's claims on the Letter of Indemnification ("LOI") were maritime in nature based on well established precedent in this Circuit.  The reasoning of that Order does not need to be repeated here.

Moreover, an interlocutory appeal would not advance the termination of the case.  The attachment will be available for execution for a limited period of time.  To the extent property is attached, the parties can consider substitute security.  To the extent there is an incorrect attachment, damages can be pursued.

2

For the reasons stated above, Binani's motion for the Court to certify its September 17, 2009 Order for interlocutory review is **denied**.

**SO ORDERED.**

Dated:   New York, New York
         October 12, 2009

                                          /s/ John G. Koeltl
                                          John G. Koeltl
                                          United States District Judge